UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  14-CIV-61605-BLOOM/Valle

RAUL AGUILAR and all other similarly
situated under 29 U.S.C. 216(B),

      Plaintiff,

v.

UNITED FLOOR CREW, INC. and
DENNIS LARIOS,

      Defendant.

_____/

## ORDER GRANTING LEAVE TO AMEND

**THIS CAUSE** came before the Court on Plaintiff Raul Aguilar's ("Plaintiff") Motion for Leave to File Second Amended Complaint, ECF No. [26] (the "Motion").  The Court has reviewed the Motion, all supporting and opposing submissions, and the record in this case, and is otherwise fully advised as to the premises.  For the reasons described below, the Court grants the Motion.

## I.     BACKGROUND

Plaintiff initiated this action on July 11, 2014 against Defendants United Floor Crew, Inc. and Dennis Larios ("Defendants") under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and additionally stating a claim for violation of Florida's minimum wage requirements as provided in Fla. Stat. § 448.110(3) and § 24, Art. X of the Florida Constitution.  Plaintiff amended his original complaint of right on August 18, 2014.  ECF No. [12] ("First Amended Complaint").  In its scheduling order of September 15, 2014, ECF No. [18], the Court set a deadline of November 1, 2014 to file all motions to amend pleadings or join parties.  Plaintiff

filed the instant Motion on October 14, 2014, seeking leave to amend his First Amended Complaint to add Presidente Supermarket #18 and Presidente Supermarket #27 (the "New Parties") as defendants.  Plaintiff has attached his proposed Second Amended Complaint, ECF No. [26-1], to the Motion.  Defendants oppose the Motion.  *See* ECF No. [27] (the "Response").

## II.   DISCUSSION

Defendants argue that the Court should deny Plaintiff's request to amend because the proposed amendment is futile, and because Plaintiff failed to comply with Local Rule 7.1(a)(3) before filing the Motion.

### A.      Local Rule 7.1(a)(3) Is Not Applicable

Dealing with the more straightforward issue first, Local Rule 7.1(a)(3) cannot bar consideration of Plaintiff's Motion.  Defendants protest that Plaintiff neglected to confer with the New Parties prior to requesting leave to amend.  Local Rule 7.1(a)(3) requires counsel for the movant to confer or to make reasonable efforts to confer with all parties *or non-parties* who may be affected by the relief sought in the motion in a good-faith effort to resolve by agreement the issues to be raised in the motion.  *See* S.D. Fla. L.R. 7.1(a)(3).  While the rule requires conferral with affected non-parties and otherwise applies to motions for leave to amend, it makes little sense to require a plaintiff to confer with potential but not-yet-joined defendants who are to be added to the action through an amended pleading.  Doing so would create a pre-suit notification requirement akin to forcing plaintiffs to confer with future defendants before even filing an action to being with.  While our system encourages out of court dispute resolution, such a requirement would not advance the rule's goals.  The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before

deciding the motion.  Few parties would agree to be sued.  The Court will therefore consider Plaintiff's Motion on the merits.

### B.      Amendment Would Not Be Futile

Defendant argues that Plaintiff should be denied leave to amend because his amended pleading would be subject to dismissal for failure to state a claim.  The Court disagrees.

### 1.      Denial of Leave to Amend Where Futile

Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  The Court notes that, here, Plaintiff filed his Motion before the deadline to amend set by the Court.

However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  The law in this Circuit is clear that "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004); *see also Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (same); *Thompson v. City of Miami Beach, Fla.*, 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.") (citation omitted).

"[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'"  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see*

*Dysart v. BankTrust*, 516 Fed. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail.").  "The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Bill Salter Adver., Inc. v. City of Brewton, AL*, 2007 WL 2409819, at *2 (S.D. Ala. Aug. 23, 2007) (citing *Florida Power & Light Co. v. Allis Chalmers Corp.*, 85 F.3d 1514, 1520 (11th Cir. 1996) (amendment is futile if cause of action asserted therein could not withstand motion to dismiss)); *see also Christman v. Walsh*, 416 Fed. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss.").

## 2.    Standard on Motion to Dismiss

As Defendants acknowledge, "the threshold standard for a plaintiff's complaint to survive a motion to dismiss is 'exceedingly low.'" *Reid v. Florida*, 2008 WL 2780991, at *1 (S.D. Fla. July 16, 2008) (quoting *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700 (11th Cir. 1985)).  A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002).  While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").   Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).   The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010).

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."  ); *Iqbal*, 556 U.S. at 678.   A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, but may also consider documents referred to in the complaint that are central to the claim and whose authenticity is undisputed.  *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).   While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S.

at 555; *Iqbal*, 556 U.S. at 678.  "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"   *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### 3.      Plaintiff's Proposed Amendment Is Not Subject To Dismissal

Defendants contend that adding the New Parties would be futile because the Second Amended Complaint contains no support for its conclusion that the Defendants and the New Parties were Plaintiff's joint employers – the asserted basis for joining the New Parties to this action.  Defendants accuse Plaintiff of attempting to join the New Parties solely to satisfy the enterprise coverage requirement under the FLSA, which they deny exists as to Defendants alone. They conclude that joinder of the New parties is a litigation "tactic [to] expand the litigation without any supportive information, make it more costly to defend, and apply more pressure to settle."  Resp. at 3.

In his Motion and the Second Amended Complaint, Plaintiff alleges, upon information and belief, that the New Parties were, along with Defendants, Plaintiff's joint employer and responsible for paying Plaintiff's wages; that the New Parties were the source of Plaintiff's wages, and that "the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same corporate officers for a common business purpose."  2d Am. Compl. ¶ 16; Mtn. p. 2 ¶¶ 5-6.  Plaintiff maintains that discovery is required to support and confirm their allegations.

Defendants characterize the pleading as formulaic and unsupported.  They have also submitted United Floor Crew's tax returns for the years in question and public information as to

their and the New Parties' corporate governance to undermine Plaintiff's claims of enterprise coverage and joint employment.  *See* ECF Nos. [27-1] and [27-2].

The inquiry into joint employment for FLSA purposes is flexible and fact-intensive.  *See*, *e.g.*, *Hernandez v. Hendrix Produce, Inc.*, 2014 WL 3421062, at *1 (S.D. Ga. June 24, 2014) (joint employment inquiry is fact-specific); *Quezada v. Sante Shipping Lines, Inc.*, 2013 WL 1334516, at *7 (S.D. Fla. Mar. 29, 2013) (inquiry is flexible).  Courts consider several factors in determining whether a joint employment relationship exists:  "(1) the nature and degree of the putative employer's control of the workers; (2) the degree of supervision, direct or indirect, of the work; (3) the right, directly or indirectly, to hire, fire or modify the worker's employment conditions; (4) the power to determine the worker's pay rates or methods of payment; (5) the preparation of payroll and payment of worker's wages; (6) the ownership of the facilities where the work occurs; (7) whether the worker performed a line job integral to the end product; and (8) the relative investment in equipment and facilities."  *Quezada*, 2013 WL 1334516 at *6 (citing *Antenor v. D & S Farms*, 88 F.3d 925, 932 (11th Cir. 1996)).

Where a claim is plausibly pled, such an inquiry is ill-suited for consideration on a motion to dismiss.  *See*, *e.g.*, *Diaz v. U.S. Century Bank*, 2012 WL 3597510, at **2-3 (S.D. Fla. Aug. 20, 2013) (denying motion to dismiss for lack of a factual foundation for establishing a joint employment relationship, noting that "[a]n exhaustive joint employment analysis would . . . be premature at this stage where Plaintiffs have submitted a plausible claim"); *Goodrich v. Covelli Family Ltd. P'ship*, 2012 WL 921493, at *2 (M.D. Fla. Mar. 19, 2012) (denying motion to dismiss and declining to "address[] the fact-intensive issue of joint employment [before] giving the parties the opportunity to conduct discovery . . . [and] giv[ing] Plaintiffs an opportunity to prove their case"); *Dawkins v. Picolata Produce Farms, Inc.*, 2005 WL 3054054

(M.D. Fla. Nov. 15, 2005) (explaining that determining "employer" and "joint employer" status involves "fact intensive inquiries that need to be developed, and are not readily amenable to resolution on a motion to dismiss").

While sparsely supported, Plaintiff's proposed claims against the New Parties are plausible. In so deciding, the Court has not considered the documents submitted by Defendants in opposition to the Motion. While likely relevant to Plaintiff's claims and theory of the case, they are not central to Plaintiff's Second Amended Complaint. Further, and without addressing whether the Court would otherwise take judicial notice of publically available documents, Plaintiff has not spoken to their authenticity. Finally, given the case- and fact-specific nature of the joint-employment question, which goes "beyond formalistic corporate separation to the actual pragmatic operation and control," *Quezada*, 2013 WL 1334516 at *7, determining whether the New Parties were or were not, along with Defendants, Plaintiff's joint employers, requires the weighing of evidence. Such opposing evidence has not been developed and is not before the Court, and that determination, in any event, is wholly inappropriate on a motion to dismiss.

The Court is sympathetic to Defendants' litigation costs and mindful of its arguments against the applicability of the FLSA to them and the facts here. The Court may consider requiring targeted and expedited discovery if properly requested and warranted. But Defendants' opposition to the Motion cannot be sustained.

## III.   CONCLUSION

Amendment here is not futile, and Plaintiff is granted leave to amend. Plaintiff is advised to correct the defects in the proposed Second Amended Complaint noted by the parties, *see*, *e.g.*, ECF No. [28] (Plaintiff's "Reply") ¶ 6, prior to filing their amended complaint as a separate

docket entry.  For the aforementioned reasons, it is therefore **ORDERED AND ADJUDGED** that Plaintiff Raul Aguilar's Motion for Leave to File Second Amended Complaint, ECF No. [26], is **GRANTED**.  Plaintiff shall file his amended pleading **on or before November 28, 2014**.

       **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 26th day of November, 2014.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record