UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-61605-CIV-BLOOM/VALLE

RAUL AGUILAR,

    Plaintiff,

vs.

UNITED FLOOR CREW, INC.,
DENNIS LARIOS, PRESIDENTE
SUPERMARKET #18, and
PRESIDENTE SUPERMARKET #27,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS UNITED FLOOR CREW, INC. AND DENNIS LARIOS' MOTION FOR LEAVE TO TAKE PLAINTIFF'S DEPOSITION

THIS MATTER is before the Court on Defendants United Floor Crew, Inc. and Dennis Larios' (the "UFC Defendants") Motion for Leave of Court to Take Plaintiff's Deposition (the "Motion) (ECF No. 45). The Court has reviewed the Motion, Plaintiff's Response (ECF No. 47), and Defendants Presidente Supermarket #18 and Presidente Supermarket #27's (the "Presidente Defendants") Response (ECF No. 48), and is otherwise duly advised in the premises.

This is a Fair Labor Standards Act ("FLSA")[1] case in which Plaintiff has sued Defendants under federal and state law to recover alleged unpaid minimum and overtime wages. *See* Second Amended Complaint (ECF No. 30). Plaintiff claims that Defendants are jointly and severally liable as his "joint employer." *Id.* ¶ 16. Defendants dispute Plaintiff's claims.

In preparing their defense, the Presidente Defendants have scheduled Plaintiff's deposition for March 2, 2015 at 10:00 a.m. (ECF No. 48 at 4). Defense counsel estimates that she will need

---

[1] 29 U.S.C. §§ 201 *et seq.*

approximately 6-8 hours to depose Plaintiff on behalf of her clients. (ECF No. 48 at 2). Because Federal Rule of Civil Procedure 30(d)(1) limits depositions to one day of seven hours absent a stipulation or leave of court, the UFC Defendants' counsel is concerned that he will not have sufficient time, if any, to depose Plaintiff on March 2nd on behalf of his clients within the seven-hour window. (ECF No. 45). The UFC Defendants thus seek leave to either: (1) exceed the seven-hour limit on March 2nd; or (2) take a separate deposition of Plaintiff at a later date. While the Presidente Defendants support the UFC Defendants' Motion, Plaintiff opposes it.

Under Rule 30(d)(1), "[t]he court must allow additional time [for a deposition] consistent with Rule 26(b)(2) *if needed to fairly examine the deponent* or if the deponent, another person, or any other circumstance impedes or delays the examination." FED. R. CIV. P. 30(d)(1) (emphasis added). In this case, it is not certain that the UFC Defendants will need additional time during the March 2nd deposition to fairly examine Plaintiff. Although Plaintiff has sued four separate defendants, this FLSA litigation over alleged unpaid wages remains relatively straightforward. It does not involve novel or complex issues, but rather routine issues such as who Plaintiff worked for and reported to, the number of hours worked, what Plaintiff did as part of his job, how Plaintiff was paid, etc.

Despite Defendants' protestations, *see, e.g.*, (ECF No. 45 at 3, n.1), there is likely to be substantial overlap in the relevant areas of inquiry that both defense lawyers need to explore on behalf of their clients. Nonetheless, in an effort to afford all Defendants sufficient time to fairly examine Plaintiff—and to avoid additional litigation over what should have been a matter of professional courtesy—the undersigned will grant in part and deny in part the UFC Defendants' Motion.

Accordingly, it is hereby **ORDERED and ADJUDGED** that the UFC Defendants' Motion for Leave of Court to Take Plaintiff's Deposition (ECF No. 45) is **GRANTED IN PART and**

**DENIED IN PART**.  Plaintiff's deposition will be limited to a total of nine (9) hours, excluding breaks, over the course of one or more days, as agreed upon by the parties.  To the extent nine hours proves insufficient for both defense lawyers to fully and fairly examine Plaintiff on all relevant issues, Defendants may seek leave from the Court for additional time to depose Plaintiff.  Should Defendants decide to seek additional time, Defendants' motion must include a copy of the transcript from the original nine-hour deposition and articulate specific, well-supported reasons why Plaintiff's deposition could not be completed within the nine-hour period.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on February 25, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
The Honorable Beth Bloom
All counsel of record